UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**UNITED STATES OF AMERICA**

v.                                                                                    **CASE NO.: 8:21-CR-343-SDM-AAS**

**DE ANNA MARIE STINSON**
_____/

**DEFENDANT'S SENTENCING MEMORANDUM AND
INCORPORATED MEMORANDUM OF LAW**

**COMES NOW**, A. FITZGERALD HALL, counsel for the Defendant, **DE ANNA STINSON**, pursuant to Title 18, United States Code Sections 3551 and 3553(a), and moves this Court to: **ENTER AN ORDER OF ONE YEAR AND ONE DAY INCARERATION FOLLOWED BY A PERIOD OF SUPERVISED RELEASE.** As grounds for this request, undersigned counsel proffers the following:

**BACKGROUND**

1. On September 23, 2021, Ms. Stinson was arrested on a criminal complaint for the offenses of solicitation to commit a crime of violence in violation of 18 U.S.C. § 373 and murder for hire in violation of 18 U.S.C. § 1958 (Doc. 1).

2. On this same date, Ms. Stinson made her initial appearance before the Court (Doc. 6). Ms. Stinson was ordered detained (Doc. 10). Subsequently, the District Court affirmed the order of detention (Doc. 31)

3. On October 13, 2021, Ms. Stinson was indicted for murder for hire in violation of 18 U.S.C. § 1958(a) (Doc. 23).

4. On April 23, 2021, without a plea agreement, Ms. Stinson pleaded guilty as charged (Docs. 23, 39, & 42). Ms. Stinson's sentencing is currently scheduled for Wednesday, April 20, 2022 at 9:00 a.m. (Doc. 46). The Presentence Investigation Report ("PSIR") has been completed in this case and there are several minor objections to the report.

5. In any event, the PSIR currently reflects a total offense level of 29 and a criminal history category of I (PSIR ¶¶32, 36, & 70). This results in an advisory range of incarceration of 87-108 months (PSIR ¶70).

6. Notwithstanding the above, due to the nature and circumstances of the instant offense, the history and characteristics of Ms. Stinson, and the need for the forthcoming sentence to afford <u>adequate deterrence</u>, Ms. Stinson requests this Court impose a sentence of one year and one day incarceration followed by a period of supervised release pursuant to 18 U.S.C. § 3553(a) and *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005).

## LEGAL ARGUMENT

7. As outlined above, Ms. Stinson is facing an advisory sentencing guidelines range of incarceration of 87-108 months (PSIR ¶¶32, 36, & 70).

8. In this case, however, recognizing the seriousness of the instant offense,

Ms. Stinson requests this Court consider the following highlighted factors set-forth under Section 3553(a) in determining a reasonable sentence to impose in this case:

(1) **the nature and circumstances of the [instant] offense and the history and the characteristics of the defendant;**

(2) the need for the sentence imposed-;

    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B) **to afford adequate deterrence to criminal conduct;**

    (C) **to protect the public from further crimes of the defendant; and**

    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) **the kinds of sentences available;**

(4) [the applicable Sentencing Guidelines];

(5) any pertinent [Sentencing Guidelines] policy statement;

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victim of the offense.

18 U.S.C. § 3553(a) (emphasis added).  *See United States v. Talley*, 431 F.3d 784, 786 (11th Cir. 2005) (providing that when the district court considers the factors of

section 3553(a), it need not discuss each of them). *See also, United States v. Scott*, 426 F.3d 1324, 1329 (11th Cir. 2005) (same), *abrogated on other grounds by Rita v. United States,* 551 U.S. 338, 127 S. Ct. 2456 (2007); *United States v. Bohannon*, 476 F.3d 1246, 1248 (11th Cir. 2007) (same); *United States v. McBride*, 511 F.3d 1293, 1297 (11th Cir. 2007) (same).

9. Although the district court must adequately and properly consider the factors, nothing requires it to state on the record that it has explicitly considered each of the Section 3553(a) factors or to discuss each of the Section 3553(a) factors. *Garcia-Enriquez*, 664 F. App'x at 767 (citing *United States v. West*, 898 F.2d 1493, 1503 (11th Cir. 1990)). *See United States v. Dougherty*, 754 F.3d 1353, 1359 (11th Cir. 2014) (providing nothing requires the district court to discuss each of the Section 3553(a) factors and an acknowledgement that it has considered each will suffice) (citing *United States v. Amedeo*, 487 F.3d 823, 832 (11th Cir. 2007)). *See also, United States v. Lora*, 627 F. App'x 881, 885 (11th Cir. 2015 (unpublished opinion) (district courts do not have to conduct an accounting of every factor or explain the role each played in the sentencing decision) (citing *United States v. Robles*, 408 F.3d 1324, 1328 (11th Cir. 2005)). Rather, "the sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decision-making authority." *Lora*, 627 F. App'x at 885 (citing *Rita v. United States*, 551 U.S. 338, 356, 127 S.

Ct. 2456 (2007)).

10. The weight given to each factor in § 3553(a) is a matter committed to the sound discretion of the district court. *United States v. Barrington*, 668 F.3d 1178, 1204 (11th Cir. 2011). *See United States v. Garcia-Enriquez*, 664 F. App'x 765, 767 (11th Cir. 2016) (unpublished opinion) (stating the weight given to any specific factor is committed to the sound discretion of the district court and a district court does not commit reversible error simply because it attaches significant weight to a single Section 3553(a) factor) (citing *United States v. Williams*, 526 F.3d 1312, 1322 (11th Cir. 2008)). "The court must consider all of the Section 3553(a) factors, but it may, in its discretion, give greater weight to some factors over others." *United States v. Rosales-Bruno*, 789 F.3d 1249, 1254 (11th Cir. 2015).

11. "The fact that we might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Barrington*, 668 F.3d at 1204 (citing *Gall v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007)). *See United States v. Hayes*, 762 F.3d 1300, 1307 (11th Cir. 2014). *See also, United States v. Langston*, 590 F.3d 1226, 1237 (11th Cir. 2009) (stating the weight to be accorded any given Section 3553(a) factor is a matter committed to the sound discretion of the district court and we will not substitute our judgment in weighing the relevant factors); *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007) (same). "A district court has considerable discretion in deciding

whether the Section 3553(a) factors justify a variance and the extent of one that is appropriate." *United States v. Cubero*, 754 F.3d 888, 892 (11th Cir. 2014) (citing *United States v. Shaw*, 560 F.3d 1230, 1238 (11th Cir. 2009) and *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008)).

12. <u>The Guidelines are only one factor</u> to consider when imposing a sentence and §3553(a)(3) directs the judge to <u>consider sentences other than imprisonment</u>. *Gall*, 552 U.S. at 59, 128 S. Ct. at 602 (2007) (emphasis added).

13. It should be noted that in assessing these enumerated factors that the Court is "to consider every convicted person as <u>an individual</u> and every case as <u>a unique study</u> in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." *United States v. Alfaro-Moncada*, 607 F.3d 720, 735 (11th Cir. 2010) (emphasis added) (citing *Gall*, 552 U.S. at 52, 128 S. Ct. at 598 (2007)).

14. Pursuant to Section 3553(a), and the above-cited case law, Ms. Stinson requests this Court impose a reasonable sentence in this case. In particular, Ms. Stinson requests this Court impose a sentence of one year and one day incarceration followed by a period of supervised release due to the following: the nature and circumstances of the instant offense, her history and characteristics, and the need for the forthcoming sentence to afford <u>adequate</u> deterrence.

### A. The Nature and Circumstances of the Instant Offense.

15. The circumstances surrounding this case are outlined above, are in the PSIR, and are rather straightforward (PSIR ¶¶6-15). In short, from approximately June 24, 2021 through July 2021, Ms. Stinson went onto the "dark website" and attempted to hire a hitman to kill the spouse of her former boyfriend of many years (PSIR ¶9; Doc. 52, pgs. 66-67). This dark website advertised that it could murder someone, beat, or kidnap a person (PSIR ¶9). The website went on to advertise that it provided hitman services and collected payment for its services via Bitcoin. *Id.* It is to be noted that the Government and law enforcement knew that the website was fraudulent and known to take solicitors money without providing any of its advertised services. *Id.* *See also*, Doc. 52, p. 50-51, 53.

16. Further law enforcement investigation revealed that Ms. Stinson placed additional orders on this same fraudulent website for the hitman's services to kill her ex-boyfriend's spouse and requested updates on the progress of the orders (PSIR ¶¶11, 12, & 13).

17. As a result of the above, an undercover FBI agent contacted Ms. Stinson and sent a photo of her ex-boyfriend's spouse, which Ms. Stinson confirmed was the person she wanted killed (PSIR ¶14). During his communications with Ms. Stinson, the undercover agent (the hitman) stated he would stage the murder as a robbery. *Id.* Continuing with his role-playing as a hitman, the undercover agent

7

informed Ms. Stinson that he would need money to purchase a firearm to commit the murder.  *Id.*   In response to this request, Ms. Stinson agreed to send $350 to the undercover agent via Bitcoin using Western Union to avoid the funds being traced.  *Id.*

18. On September 23, 2021, a search warrant was executed at Ms. Stinson's residence and she was also arrested (PSIR ¶15).   Evidence seized at Ms. Stinson's residence established her guilt to the instant offense.  *Id.*   Post-*Miranda*, Ms. Stinson admitted to the instant offense.  *Id.*

19. In this case, it is to be noted that Ms. Stinson and her ex-boyfriend, the spouse of the victim in this case, have known each other for approximately 15 years and there had been some discussion amongst them to eventually get married as late as December 2019 (PSIR ¶9; Doc. 52, pgs. 66-67).   In fact, Ms. Stinson has known the alleged victim in this case for many years.   Doc. 52, pgs. 65-66.   In short, the alleged victim, the victim's spouse (Ms. Stinson's ex-boyfriend), and Ms. Stinson have all known each other for years.  *Id.*, pg. 66.   However, it is to be noted that <u>prior to</u> the instant offense:

    a.    Ms. Stinson never came to the victim's and/or her spouse's residence,

    b.    Ms. Stinson never contacted either of them,

    c.    Ms. Stinson never made threats to either of them, and

      d.      Ms. Stinson never had a confrontation with either of them---in fact, the three of them have not only known each other for years but they have always had a cordial relationship.

*Id.*, pgs. 65-66; 73-74.

      **B.**      **The History and Characteristics of Ms. Stinson.**

      20.      In this case, as *Alfaro-Moncada, supra.,* notes, Ms. Stinson is a "unique study in the human failings" and, in this case, the facts establish that she let her "emotions" get the best of her and sought to have "someone" kill the spouse of her longtime ex-boyfriend. Ms. Stinson's ex-boyfriend, and spouse of the victim, was someone Ms. Stinson believed loved her and thought would one day marry her (PSIR ¶¶9 & 45). It appears that the old adage is very much true, "Hell has no fury like a woman scorned."[1] [2]

      21.      Interestingly, prior to the commission of the instant offense, Ms. Stinson has had no encounters with law enforcement. *See generally*, PSIR ¶¶33-39. That is to say, prior to the instant offense, Ms. Stinson has been a model citizen

---

[1] Hell has no fury like a woman scorned: Beware the anger of a woman rejected in love. The term is an adaptation of the closing lines from William Congreve's play *The Mourning Bride* (1697): "Heav'n has no rage, like love to hatred turn'd, nor Hell a fury like a woman scorn'd." https://idioms.thefreedictionary.com/hell+hath+no+fury+like+a+woman+scorned.

[2] Hell has no fury like a woman scorned: No one is angrier than a woman who has been rejected in love. This proverb is adapted from a line in the play *The Mourning Bride*, by William Congreve, an English author of the late seventeenth and early eighteenth centuries. https://www.dictionary.com/browse/hell-hath-no-fury-like-a-woman-scorned.

9

and she has not frequented the criminal justice system---state or federal---unlike the typical defendant before the Court. *Id.* This has resulted in her having zero criminal history points and, thus, being in the lowest criminal history category of I (PSIR ¶36). Furthermore, Ms. Stinson's criminal history reflects that she has never served a jail and/or a prison sentence. *See* PSIR ¶¶33-39. However, in this case, Ms. Stinson has been incarcerated since September 23, 2021, *i.e.*, almost seven (7) months (Doc. 11). For someone as Ms. Stinson, this time of incarceration and "incarceration-culture" has truly punished her and taught her a lesson about not committing <u>any type</u> of crime in the future. Ms. Stinson has learned her lesson.

22. In addition to the above, this Court should consider Ms. Stinson's remarkable life as an outstanding citizen and contributor to society:

a. No drug and/or alcohol abuse history (PSIR ¶52);

b. A decorated high school graduate in the top ten percent of her class (PSIR ¶53);

c. A graduate of Hampton University in Hampton, Virginia with a bachelor's degree in accounting and a graduate of the University of Phoenix with a master's degree in business administration (PSIR ¶54); and

d. A <u>substantial</u> and <u>life-long</u> work history with various companies in business administration to include working for nonprofit companies and churches often donating her time and talents (PSIR ¶¶55-63).

23. Ms. Stinson has no reported history of mental issues, but the glaring question in this case is how could an outstanding citizen, such as Ms. Stinson, find herself in the instant predicament? In addition to the above argument regarding "Hell has no fury like a woman scorned," undersigned counsel suggests that the hurt from the ending of the long-term relationship between the victim's husband and Ms. Stinson caused her to commit the instant offense. *See Forensic Psychological Evaluation Report* by Dr. Scott D. Machlus, Ph.D. (submitted separately to all parties) (stating "repression of feelings can result in the buildup of the feelings and then the expression of these feelings at a later time in an aggressive and violent manner"). *Id.*, pg. 8. None of the above excuses the instant conduct, but it does provide a better context of the whole person of Ms. Stinson and what happened in this case. In any event, the bottom line remains, Ms. Stinson is responsible for her own conduct.

24. It does bare mentioning that as a result of her conduct in this case that Ms. Stinson is "forever ruined" in this case as she is now a convicted felon with the conviction for "murder for hire." She will never be hired by anyone with such a conviction. This Court should factor this into the sentence to be imposed in this case.

25. In any event, considering Ms. Stinson's lack of <u>any</u> criminal history, her academic and personal achievements, her numerous contributions to society, and

her exemplary citizenship, this Court should "strike a balance" in fashioning a reasonable sentence to impose in this case.

26. In particular, the sum-total of Ms. Stinson's history and characteristics, and the facts surrounding this case, suggests that a sentence of one year and one day incarceration followed by a period of supervised release would be an appropriate disposition of the case.

  **C. Sentence to Afford Adequate Deterrence.**

27. Furthermore, Ms. Stinson is requesting this Court enter an order of one year and one day incarceration and a period of supervised release as such a sentence would be a reasonable one. In fact, considering the circumstances surrounding this case and Ms. Stinson's history and characteristics, a sentence of one year and one day incarceration and a period of supervised release would accomplish all of the factors arrayed in Section 3553(a). That is to say, a sentence of one year and one day incarceration and a period of supervised release would accomplish the following: <u>reflect the seriousness of the offense</u>, <u>promote respect for the law</u>, and <u>provide just punishment</u> for the instant offense.

28. Finally, but equally important, is the fact that a sentence of one year and one day incarceration and a period of supervised release would be an adequate sentence and a <u>federal</u> sentence that would deter Ms. Stinson from committing <u>any</u> criminal conduct in the future.

29. Assistant United States Attorney Lisa Thelwell opposes this request.

**WHEREFORE**, Ms. Stinson prays this Court grant the relief requested herein and enter an order of one year and one incarceration followed by a period of supervised release.

DATED this 14th day of April 2022.

    Respectfully submitted,

    A. FITZGERALD HALL, ESQ.
    FEDERAL DEFENDER

    By: *s/ A. Fitzgerald Hall*
    A. Fitzgerald Hall, Esq.
    Florida Bar No. 0137138
    Federal Defender
    400 North Tampa Street, Suite 2700
    Tampa, Florida 33602
    Phone: (813) 228-2715
    Facsimile: (813) 228-2562
    Email: Alec_Hall@fd.org
    *Defense Attorney for De Anna Stinson*

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 14th day of April 2022, a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system, which will send notice of the electronic filing to:

AUSA Lisa Thelwell.

                                                By:   ***s/ A. Fitzgerald Hall***
                                                            A. Fitzgerald Hall, Esq.
                                                            Federal Defender