UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**UNITED STATES OF AMERICA**

v.  Case No. 8:21-cr-343-SDM-AAS

**DE ANNA MARIE STINSON**
_____/

**ORDER**

The United States requests an order directing defendant De Anna Marie Stinson to reimburse the Treasury for the cost of her legal representation under the Criminal Justice Act (CJA), 18 U.S.C. § 3006A. (Doc. 67). Ms. Stinson opposes the motion. (Doc. 72).

**I.   BACKGROUND**

On September 23, 2021, Ms. Stinson was arrested on a criminal complaint for the offenses of solicitation to commit a crime of violence in violation of 18 U.S.C. § 373 and murder for hire in violation of 18 U.S.C. § 1958. (Doc. 1). The same day, Ms. Stinson made her initial appearance and was detained. (Docs. 6, 10). The court affirmed the order of detention. (Doc. 31). On October 13, 2021, Ms. Stinson was indicted for murder for hire in violation of 18 U.S.C. § 1958(a). (Doc. 23). On April 23, 2021, without a plea agreement, Ms. Stinson pleaded guilty. (Docs. 23, 39, 42). On April 20, 2022, Ms. Stinson was sentenced to seventy-eight months incarceration followed by three years

of supervised release. (Doc. 62). The Federal Public Defender's Office (FPD) represented Ms. Stinson throughout this case.

Ms. Stinson reported these assets in her pre-sentencing report (PSR):

1. $25,000 in a savings account;

2. $7,000 in a checking account;

3. $100,000 in stocks, bonds, and IRA accounts;

4. Real property at 5316 Bradbury Court, Tampa, Florida with, an estimated value of $250,000;

5. Real property at 2020 Continental Ave, Apt. 212, Tallahassee, Florida, with an estimated value of $79,400; and

6. Her residence in Tampa, Florida, with an estimated value of $423,000.[1]

(Doc. 60, ¶ 67).[2] At sentencing, Ms. Stinson confirmed the assets identified in the PSR. (Doc. 60, ¶¶ 66–70).

The United States now requests an order directing Ms. Stinson to reimburse the Treasury for the cost of her legal representation,[3] and requests that her legal fees are paid in part by turnover of seized funds held by the FBI

---

[1] Ms. Stinson reported she is the co-owner of this property, but the Hillsborough County Official Records identify Ms. Stinson as the sole owner. (Doc. 67, Ex. A).

[2] The PSR estimated Ms. Stinson owes $354,784 in real estate mortgage loans. (Doc. 60, ¶ 69).

[3] The United States asks the court to determine the cost of Ms. Stinson's legal fees. (Doc. 67, p. 8).

and the Clerk of Court under 18 U.S.C. § 3006A. (Doc. 67). Ms. Stinson opposes the motion and argues 18 U.S.C. § 3006A is not applicable because Ms. Stinson was represented by the FPD and not a CJA attorney. (Doc. 72).

## II.   ANALYSIS

The CJA mandates a court must furnish legal counsel to criminal defendants who are "financially unable to obtain counsel." 18 U.S.C. § 3006A(b). But "[w]henever the United States magistrate judge or the [district judge] finds that funds are available for payment from or on behalf of a person furnished representation, it may authorize or direct that such funds be paid ... to the court for deposit in the Treasury as a reimbursement to the appropriation ..." 18 U.S.C. § 3006A(f).

To satisfy the procedural requirements of 18 U.S.C. § 3006A(f), a court must make an "appropriate inquiry" into the availability of funds. *United States v. Pacheco-Romero*, 995 F.3d 948, 957 (11th Cir. 2021), *cert. denied* sub nom. *Lee v. United States*, 142 S. Ct. 487 (2021). To perform an "appropriate inquiry," a court must give an interested party "notice and an opportunity to be heard" on the funds-availability issue. *Id.*

Because Ms. Stinson received and responded to the United States' request for reimbursement of legal fees, notice and an opportunity to be heard is satisfied. (*See* Doc. 67). Ms. Stinson does not argue an inability to reimburse her legal fees or dispute her amount of assets—over $125,000 in various

3

accounts and three real properties. (*See* Doc. 60, ¶ 67). Rather, Ms. Stinson argues 18 U.S.C. § 3006A(f) is not applicable to representation by the FPD's office. This argument is unpersuasive.

Section 3006A(f) specially states, "[w]henever the United States magistrate judge … finds that funds are available for payment from or on behalf of a person furnished representation, it may authorize or direct that such funds be paid to the appointed attorney, to the bar association or legal aid agency or *community defender organization which provided the appointed attorney* ..." 18 U.S.C. § 3006A(f) (emphasis added). Immediately following, section 3006A(g) lists the "Federal Public Defender Organization" as a type of "Defender Organization." *See* 18 U.S.C. § 3006A(g)(2)(A). Indeed, the Eleventh Circuit has addressed and affirmed cases in which a defendant was assessed legal fees under 18 U.S.C. § 3006A(f) for the services of a federal public defender organization. *See United States v. Homrighausen*, 366 F. App'x 76, 79 (11th Cir. 2010).

The Treasury is entitled to reimbursement of its legal fees under the CJA. However, the United States must separately move for the specific amount of reimbursed legal fees requested. Ms. Stinson may respond to the United States' motion within fourteen days of service of the motion as prescribed by Local Rule 3.01(c), M.D. Fla.

### III. CONCLUSION

The United States' motion for reimbursement of legal fees under the CJA (Doc. 67) is **GRANTED** as to entitlement to reimbursement of legal fees. The amount of legal fees requested must be briefed by separate motion.

**ORDERED** in Tampa, Florida on July 13, 2022.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge

cc:

De Anna Marie Stinson, Inmate No. 66358-509,
Citrus County Detention Center,
2604 W. Woodland Ridge Drive,
Lecanto, FL 34461