UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                                                          CASE NO. 8:21-cr-343-SDM-AAS

DE ANNA MARIE STINSON
_____/

**ORDER**

Convicted of a murder-for-hire plot, De Anna Marie Stinson moves (Doc. 77) for compassionate release. The United States responds (Doc. 81) in opposition.

In 2021, Stinson accessed a website on the "dark web" to hire a hitman to kill the spouse of a former lover of Stinson's. Stinson requested that the administrator of the website assign the matter "to someone who has a history of getting jobs done" and instructed the hitman: "Do not do at home. Any place else is fine. Need completed during July — preferably between July 5th and July 11th." Stinson furnished the victim's name, address, and photograph and paid the website more than $12,307.61 in Bitcoin. An undercover FBI agent posing as a hitman communicated with Stinson, who paid the agent $350 in Bitcoin to purchase a firearm for the murder and was later arrested. Stinson has no other criminal history or physical or mental illness. Stinson was sentenced to 78 months' imprisonment, and the Bureau of Prisons projects her release on January 8, 2027. Stinson is incarcerated at Tallahassee FCI and has served 18 months of her sentence.

Under 18 U.S.C. § 3582, a district court "may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if [the district court] finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Under the "applicable policy statement," U.S.S.G. § 1B1.13, the "extraordinary and compelling reasons" warranting reduction comprise "(A) a terminal illness or a serious medical condition, (B) old age, (C) certain family circumstances, and (D) other reasons, other than or in combination with those listed in (A) through (C), as determined by the BOP Director." The policy statement is exhaustive and "does not grant discretion to courts to develop 'other reasons' that might justify a reduction in a defendant's sentence." *United States v. Bryant*, 996 F.3d 1243, 1247–48 (11th Cir. 2021). Even if the defendant presents an "extraordinary and compelling reason," the policy statement prohibits a reduction unless "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)."

In the motion (Doc. 77) for compassionate release, Stinson reports that her "severe asthma" creates a heightened risk of dying from COVID-19, that she is "denied" medical treatment in prison, and that the prison lacks adequate hand soap and heating for showers. Under U.S.S.G. § 1B1.13 Note 1.A, the medical condition of the defendant qualifies as "extraordinary and compelling" in these circumstances:

> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include

>> metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> (ii) The defendant is—
>
>> (I) suffering from a serious physical or medical condition,
>>
>> (II) suffering from a serious functional or cognitive impairment, or
>>
>> (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

As explained by the United States in opposition, none of Stinson's ailments — whether considered singly or collectively — constitutes a terminal illness under (i) or a serious condition that substantially diminishes the ability to self-care under (ii). Although diagnosed with asthma, Stinson's medical records reveal regular medical treatment and the prescription of a Mometasone Furate inhaler. Stinson has no "terminal illness" and has the ability for self-care while in prison.

Further, the Section 3553(a) sentencing factors weigh against her release. Eighteen months in prison for a crime fundamentally incompatible with civilized society would not "reflect the seriousness of the offense," "promote respect for the law," "provide just punishment for the offense," or "protect the public from further crimes." Stinson's contrition is acknowledged, but the Section 3553 factors weigh decisively against her release after a mere eighteen months of incarceration for plotting murder-for-hire.

For these and other reasons explained by the United States in opposition (Doc. 81), the motion (Doc. 77) is **DENIED**. The United States' motion (Doc. 82) to seal Stinson's medical records is **GRANTED**, and Stinson's medical records (Doc. 82-1) remain **UNDER SEAL**. However, the clerk must remove the provisional seal from the motion (Doc. 82) to seal, which presents no information qualifying for sealing. (Of course, the medical records (Doc. 82-1) remain under seal).

ORDERED in Tampa, Florida, on April 5, 2023.

*[signature]*

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE